[Strafford, June, 1882.]

BARKER, *Ex'r*, *v*. HAYES & *a*.

BILL IN EQUITY, by an executor, for instructions as to cutting timber on lands held in trust, and as to the distribution of a trust fund.   Heard on bill and answers.

*Woodman & Whittemore*, for the plaintiff.

*Frink & Batchelder*, for the defendants.

CLARK, J.   By the will unlimited authority is conferred upon the executor in the management of the trust estate, and he is authorized to cut and dispose of the timber, if in his judgment it will be of advantage to the estate.   So, also, as to the distribution of the fund.   By the terms of the will it is to continue so long as the executor deems proper, and the executor can distribute it when he deems it proper to do so.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.

---

[Belknap, June, 1882.]

BROWN & *a*. *v*. PRESCOTT & *a*.

DEMURRER to a bill in equity to compel specific performance of a parol agreement to convey land by the defendant Prescott, while solvent, and to restrain the other defendants, creditors of Prescott, from levying upon the land.   It was held that the bill might be maintained in favor of the plaintiff Mary A. Brown, upon proof of the allegations of an agreement with her to convey the land, if she and her husband, John W., would move upon the land and carry it on; and that they moved upon the premises and have resided there since November, 1869, and have made extensive repairs and improvements upon the same, relying upon Prescott's promise to convey; and the other defendants have knowledge that the plaintiffs relied upon that promise.

SMITH, J., did not sit : the others concurred.

*Pike & Parsons*, for Wilkinson and Eastman.

*Barnard & Barnard*, for the plaintiffs.